IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENAREA L. SWAIN, | ) | CASE NO. 3:15 CV 942 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CHRISTOPHER LAROSE, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of Denarea Swain for a writ of habeas corpus under 28 U.S.C. § 2254.[2] In 2011, Swain was convicted by an Erie County Court of Common Pleas jury of engaging in corrupt acts, participating in a criminal gang, two counts of drug trafficking, and having a weapon under disability.[3] At the time of the filing of the petition, Swain was incarcerated by the State of Ohio at the Trumbull Correctional Institution, where he is still currently serving out his 22 year sentence.[4]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Gwin by non-document order entered on May 15, 2015.

[2] ECF # 1.

[3] *Id*. at 1.

[4] *Id.* at 1.According to the website of the Ohio Department of Rehabilitation and Correction, Swain is presently serving his prison term of 22 years and his term is set to expire on May 12, 2036. http://www.drc.ohio.gov/OffenderSearch.

Swain raises four grounds for habeas relief that are as follows: First, the petitioner contends the consolidation of two separate cases prevented a fair trial, notice, and due process and violated petitioner's right to a speedy trial.[5]  Second, not letting the public in during voir dire of jury trial violated petitioner's right to public jury trial.[6]  Third, petitioner contends fair trial and due process rights were violated when petitioner was convicted of gang activity without a showing that the criminal activity was "primary activity" as well as arguing evidence was insufficient for conviction thereby violating his right to fair trial.[7]  And fourth, petitioner argues the admitted testimony of a police officer as an expert was without proper due process and prior notice.[8]

The State in its return of the writ maintains Swain's petition should be dismissed in part and denied in part.[9]  First, the State argues denying Swain's first grounds for relief which were in part procedurally defaulted because constitutional violations of speedy trial and notice were never fairly presented to the state courts and moreover, a second indictment itself is not a constitutional issue.[10]  Second, the State argues, under a merits analysis, Swain's constitutional right to a public trial was not violated because there is no strict standard that

---

[5] ECF #1 at 5.

[6] *Id.* at 7.

[7] *Id.* at 8.

[8] *Id.* at 10.

[9] ECF # 9 at 21-23.

[10] *Id.* at 21.

a court must conduct its proceedings in a location sufficient to allow anyone to attend and therefore, his claim should be denied.[11]  Third, the State maintains Swain's third ground for habeas relief presents a question of state law not within the court's authority to interpret, but to the extent Swain seeks to demonstrate insufficiency of the evidence, this Court must defer to the state appellate court's sufficiency determination that is not unreasonable and should deny this claim.[12]  Finally, the State contends that state law regarding violation of notice for intention to use expert testimony is a non-cognizable question in federal habeas corpus and should be dismissed.[13]

For the reasons that follow, I will recommend Swain's petition be dismissed in part and denied in part as is more fully set forth below.

## Facts

### A.      Underlying facts, conviction, and sentence

The facts found by the state appeals court are complex and extensive. This case involves multiple indictments, seven convictions, and two separate cases that were later consolidated for trial purposes. Throughout the trial process Swain both retained and was appointed counsel at different stages and for the different cases making matters more complicated.

---

[11] ECF #9 at 21-22.

[12] *Id.* at 22-23.

[13] *Id.* at 23.

In 2006, a university police officer questioned Swain about a report that a student was in possession of a firearm.  In response Swain admitted he had a .380 semi-automatic weapon and was charged with and convicted of carrying a concealed weapon.[14]  Later in the same year, Swain was discovered to be in possession of a firearm after he attempted to evade an officer stopping him regarding a warrant stemming from the earlier concealed carry charge.[15]  While detained, Swain remarked that he should have shot the officers.  Subsequently he was convicted of two counts of carrying a concealed weapon and intimidation.[16]

In 2010, Swain was stopped in connection with a nearby shooting and tested positive for gun residue; a police search of the surrounding area turned up weapons and a black bandana.[17]  Later in 2010, when a witness identified Swain as a shooter in another shooting on Hancock Street the police obtained a search warrant for his residence owned by Swain's mother.[18]  Officers conducted a search at this location for firearms and the like, but once on the scene, Detective Graybill suspected the residence may also contain drugs and obtained an additional warrant to search for drugs.[19]  The search turned up both a 9mm handgun,

---

[14] ECF #9, Attachment (state court record) at 618, 621.

[15] *Id.* at 621-622.

[16] *Id*. at 622.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 623.

drugs, and a black and white bandana associated with the gang known as the Black Point Mafia ("BPM").[20]

Later in the same year, the Erie County Grand Jury indicted Swain on one count of attempted murder, one count of felonious assault with a firearm specification, two counts of having a weapon while under disability, one count of improperly discharging a firearm into a habitation or school zone, one count each of preparation of cocaine for sale, and possession of crack cocaine.[21]  Attorney Scott Ballou was appointed to represent Swain in this first case, No. 2010-CR-282, in which Swain pled not guilty to all seven counts.[22]

Following the indictment police obtained permission to track Swain and eventually located him at a friend's house where they took him into custody and then obtained a warrant to search that premise where they found marijuana and drug paraphernalia.[23]  In early 2011, Swain filed a motion to suppress the results of the first search at his mother's house. Subsequently, an evidentiary hearing was held and after Graybill's testimony the trial court denied Swain's motion.[24]

Later in 2011, the Erie County Grand Jury issued a second indictment charging Swain with one count of engaging in pattern of corrupt activity with predicate incidents, one count

---

[20] *Id*.

[21] *Id.*

[22] *Id.* at 624.

[23] *Id.*

[24] *Id.*

of participating in a criminal gang, one count of receiving stolen property, and one count of preparation of marijuana for sale as a result of his 2010 arrest.[25]  Attorney Loretta Riddle was appointed Swain's counsel in this second case, case No. 2011-CR-174, in which Swain again pled not guilty to all four counts of the indictment.[26]  The state then filed and the trial court granted, for purposes of trial, a motion to consolidate the two cases against Swain.[27]

Swain filed a second motion to suppress the evidence seized during the second search at his friend's house.[28] At the evidentiary hearing for this motion, the trial court ruled any issues of validity as to the search warrants challenged in the first motion to suppress were barred by the doctrine of res judicata.[29] Following limited testimony from Graybill, the trial court denied Swain's second motion to suppress.[30]

Late in 2011, a jury trial began, and a video feed was set up so that the public could observe voir dire from a separate room.[31] After indicating she knew Swain's family and several other potential witnesses, the only African-American potential alternate juror was

---

[25] *Id*. at 625.

[26] *Id.*

[27] *Id*.

[28] *Id*.

[29] *Id.*

[30] *Id.* at 625-626.

[31] *Id*. at 626.

dismissed for cause.[32]  The defense challenged this dismissal, but the trial court found the state's grounds for dismissal were race-neutral and approved it.[33]  Following the selection and dismissal of the jury, the public was permitted to enter the courtroom.[34]  Swain's attorney, now for both consolidated cases, Loretta Riddle, then moved for mistrial, arguing that the two separate cases against Swain should not have been consolidated for trial and also requested certain evidence be excluded because she had not had time to review it.[35]  The trial court denied both motions.[36]

At trial, officers and witnesses testified to the before mentioned facts regarding Swain's criminal activity in 2006 and 2010.[37]  Additionally, Graybill testified that he had specialized "gang training" and knows how to identify operational gangs in Ohio.[38]  The trial court overruled defense's objection to Graybill's qualifications as a gang expert,  and Graybill continued with testimony alleging Swain's connection to the "BPM" and referring to Swain's prior 2006 and 2010 convictions as indications of criminal gang activity.[39]  The

---

[32] *Id*. at 626.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] Id. at 626-630.

[38] *Id*. at 630.

[39] *Id*. at 630-631.

defense presented no witnesses and attorney Riddle again moved for mistrial, which the trial court denied.[40]

As to the indictment in the first case against Swain, the jury found him guilty of two counts of having a weapon while under disability, guilty of preparation of crack cocaine for sale in the vicinity of a juvenile, and guilty of possession of crack cocaine.[41] To the indictment in the second case against Swain, the jury found him guilty of engaging in a pattern of corrupt activities, guilty of participating in a criminal gang with a firearm specification, and guilty of preparation of marijuana for sale.[42]

Following his sentencing hearing, Swain was sentenced to 13 years in prison and a $10,000 fine for his convictions in the first case, and 12 years in prison for his convictions in the second case.[43]

---

[40] *Id*. at 633.

[41] *Id.*

[42] *Id.*

[43] *Id.* at 633-634.

## B.    Direct Appeal

### 1.    *Ohio Court of Appeals*

Swain thereupon timely filed[44] a notice of appeal with the Ohio Court of Appeals. The court ordered that theses appeals be consolidated for the purpose of appeal.[45] In his brief in support, Swain raised the following nine assignments of error:

1.    The trial court, in violation of the First, Sixth and Fourteenth Amendments to the United States Constitution and §10, Article 1 of the Ohio Constitution refused to admit the public into the courtroom during voir dire.

2.    The trial court committed reversible error in violation of the Fourth and Fourteenth Amendments to the United States Constriction and Article I, §14 of the Ohio Constitution, when it failed to suppress evidence which resulted from deficient affidavits and warrants and an unreasonable search and seizure.

3.    The trial court impermissibly prohibited defense counsel from advancing an argument or cross examining witnesses based upon the doctrine of *res judicata*.

4.    Insufficient evidence exists to support appellant's convictions in violation of the Fourteenth Amendment to the United States Constitution and Article I, §10 of the Ohio Constitution and his convictions are against the manifest weight of the evidence.

5.    Appellant's counsel proved ineffective in violation of the Sixth Amendment to the United States Constitution.

---

[44] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. See, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Swain's conviction and sentence were journalized on November 21, 2011. ECF #9, Attachment at 351, 358. The certificate of service states Swain's notices of appeal were hand delivered to the prosecutor on December 21, 2011. *Id.* at 366. The notices for the first and second appeals were filed on December 19, 2011 and December 21, 2011 respectively. *Id.* at 364, 365.

[45] *Id.* at 374.

a.  Counsel failed to object to testimony which violated Ohio Rule of Evidence 403.

b.  Counsel failed to request continuances to adequately prepare for trial due to late discovery.

6.  The trial court committed error when it ruled that in a *Batson* challenge a party must show a pattern of discrimination [sic] and when it failed to conduct a comparative juror analysis, in violation of the Fourteenth Amendment to the United States Constitution.

7.  The trial court erred in violation of the Sixth and Fourteenth Amendments [sic] to the United States Constitution when it permitted expert testimony and/or opinion to be given without defense counsel being provided a report pursuant to Ohio Criminal Rule 16.

8.  The trial court erred in joining case No. 10-282 and case No. 11-174 together for trial purposes over Mr. Swain's objections.

9.  The trial court erred in providing a flight instruction based [on] Mr. Swain not reporting to a probation officer.[46]

The state filed an amended response brief.[47] On December 30, 2013 the Ohio appeals court overruled all nine assignments of error and affirmed the judgment of the trial court.[48]

---

[46] ECF #9, Attachment at 375.

[47] *Id.* at 550.

[48] *Id.* at 618.

-10-

## 2.      *The Supreme Court of Ohio*

On June 23, 2014 Swain timely filed[49] a notice of appeal with the Supreme Court of

Ohio, together with a memorandum in support of jurisdiction.[50] In the memorandum in

support of jurisdiction Swain raised the following six propositions of law:

1.      The trial court errs and abuses it's discretion and prejudices the
defendant by ordering two indictments be tried together when the state
seeks a continuance in a pending case so that the state of Ohio can
indict the defendant on another case solely for the purpose of
introducing other acts into both cases by consolidating the cases.

2.      Trials courts are obligated to take every reasonable measure to
accommodate public attendance at criminal trials, including, during *voir
dire*, reserving one or more rows for the public; dividing the jury venire
panel to reduce courtroom congestion; instructing prospective jurors
not to engage or interact with audience members; or setting up video
feeds prior to the selection of the jurors.

3.      The burden is on the court or party seeking closure to demonstrate that
closing a courtroom at any time during *voir dire* advances an overriding
interest that is likely to be prejudiced and is no broader than necessary
to protect that interest. Failure to do so violates the Sixth Amendment
of the United States Constitution and Section 10, Article 1 of the Ohio
Constitution.

4.      An essential element of a violation of R.C. 2923.42 [and R.C.
2923.32(A)(1)] is that the criminal gang's "primary activity" be the
commission of one or more of the offenses listed in R.C. 2923.41 (B),

---

[49] *See* Ohio S.Ct.Prac.R. 2.2(A)(1)(a) (To be timely, a notice of appeal must be filed
within 45 days of entry of the appellate judgment for which review is sought.); *See also,
Applegarth v. Warden,* 377 F.Appx. 448, 450 (6th Cir.2010) (discussing 45 day limit)
(unreported case). The certificate of service indicates that Swain's notice of appeal and
supporting brief were hand delivered to attorney for plaintiff by sending the same by regular
mail to the prosecutor on February 13, 2014. ECF #9, Attachment (state court record) at 669.
The notice itself was filed on February 13, 2014. *Id.* at 668.

[50] *Id.* at 670-736.

the mere commission of one or more of the offenses listed in R.C. 2923.41(B), by alleged gang members is insufficient in and of itself to prove that those offenses are "primary activity" in order to prove R.C. 2923.41(A)(1) and that appellant is an active participant.

5.   The state of Ohio is under an affirmative duty to provide an expert report prior to having an expert testify. A police report does not qualify as an "expert report" under Crim. R.16 (K) unless the police report summarizes the witnesses' testimony, findings, analysis, conclusions or opinions and includes the experts qualifications. A court cannot "unqualify" a witness after the court qualifies the witness in order to include the witnesses' testimony at trial.

6.   Under Crim. R.16 (K) a court lacks discretion to consider a witness as an expert unless that witness has provided a report prior to that witnesses' testimony.[51]

The State filed a memorandum in opposition to jurisdiction,[52] and then, on September 3, 2014, the Supreme Court of Ohio declined to accept jurisdiction.[53] The record does not indicate that Swain then sought a writ of certiorari from the Supreme Court of the United States.

---

[51] ECF #9, Attachment (state court record) at 674.

[52] *Id*. at 737-757.

[53] *Id*. at 758.

## C.     Post-conviction proceedings

### 1.     *Application to re-open the appeal*

On March 31, 2014, Swain, filed a timely[54] application to re-open his appeal[55] under

Ohio Appellate Rule 26(B), arguing that he had received ineffective assistance from his

appellate counsel.  In his application for re-opening the appeal, Swain raised the following

assignments of errors not considered on appeal due to counsel's ineffectiveness:

> 1.     The trial court erred and committed structural error when the court appointed counsel to a defendant that was represented by retained counsel.
>
> 2.     The trial court committed prejudicial error when the court unlawfully granted a benevolent continuance to further the efforts of the state of Ohio in bringing more charges against a defendant when the defendant refused to enter a plea a week before trial.
>
> 3.     The court and the state of Ohio violated the defendant's right to a speedy trial, under the Sixth Amendment to the United States Constitution and Art. 1 Sec. 10 of the Ohio Constitution, when the state sought a continuance and was granted one by the court for the sole purpose of the state to seek new charges on a defendant who refused a plea offer.[56]

The State opposed the application,[57] and on May 8, 2014, the Ohio Court of Appeals

denied Swain's application.[58]

---

[54]  Under Ohio Rule of Appellate Procedure 26(B), an application to reopen the appeal must be filed within 90 days of journalizing the appellate judgment at issue, unless the applicant shows good cause for a later filing. *Kimble v. Gansheimer*, 2009 WL 4676959, at *11 (N.D. Ohio 2009)(citing Ohio App. R. 26(B)(1)).

[55]  ECF #9, Attachment (state court record) at 759-771.

[56]  *Id*. at 763.

[57]  *Id*. at 772-781.

[58]  *Id.* at 782-792.

2.    *The Supreme Court of Ohio*

On June 23, 2014, Swain timely filed[59] a notice of appeal with the Supreme Court of

Ohio with a memorandum in support of jurisdiction.[60] In the memorandum in support of

jurisdiction Swain raised the following three propositions of law:

1.    The trial court erred and committed structural error when the court appointed counsel to a defendant that was represented by retained counsel. *United States v. Gonzales-Lopez*, 548 U.S. 140, (2006)

2.    The trial court committed prejudicial error when the court unlawfully granted a benevolent continuance to further the efforts of the state of Ohio in bringing more charges against a defendant when the defendant refused to enter a plea a week before trail. *Krupp v. Poor* (1970), 24 Ohio St.2d 123

3.    The court and the state of Ohio violated the defendant's right to a speedy trial, under the Sixth Amendment to the United States Constitution and Art. 1 Sec. 10 of the Ohio Constitution, when the state sought a continuance and was granted one by the court for the sole purpose of the states to seek new charges on a defendant who refused a plea offer. *Barker v. Wingo* (1972), 407 U.S. 514[61]

---

[59] *See* Ohio S.Ct.Prac.R. 2.2(A)(1)(a) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See also, Applegarth v. Warden,* 377 F.Appx. 448, 450 (6th Cir.2010) (discussing 45 day limit) (unreported case). The certificate of service indicates that Swain's notice of appeal and supporting brief were hand delivered to attorney for plaintiff by sending the same by regular mail to the prosecutor on June 23, 2014. ECF #9, Attachment (state court record) at 794. The notice was filed on the same day, June 23, 2014. *Id.* at 793.

[60] *Id.* at 795-822.

[61] *Id*. at 796.

The State filed a memorandum in opposition of jurisdiction.[62]  On September 3, 2014,

the Ohio Supreme Court declined to accept jurisdiction.[63]

## D.    Federal habeas corpus

On May 13, 2015, Swain timely filed[64] a federal petition for habeas relief.[65]  In his

petition, Swain raises the following four grounds for habeas relief:

GROUND ONE:          Violation of petitioner's right under United States Const.
                     Am. 5,6, and 14.[66]

Supporting Facts:    [Prop. Law No. 1 See Ex. B] The petitioner while
                     awaiting trial in case no. 2010-CR- 282 was indicted in
                     case no. 2011-CR-0174. This was done to introduce
                     other acts and prevented the petitioner from have [sic] a
                     fair trial, notice and due process. The process further
                     violated petitioner's right to a speedy trial.[67]

GROUND TWO:          Violation of petitioner's right under United States Const.
                     Am. 5,6, and 14.[68]

Supporting Facts:    [Prop. Law No. 2 See Ex. B] The public was not let in
                     during voir dire of jury trial. This violated the

---

[62] *Id.* at 823-842.

[63] *Id.* at 843.

[64] ECF #1. The Ohio Supreme Court declined jurisdiction over Swain's last appeal on September 3, 2014, or approximately nine months before the filing of the federal habeas petition, thus making the petition timely.

[65] *Id*.

[66] *Id*. at 5.

[67] *Id*.

[68] *Id*. at 7.

petitioner's right to a public trial. The trial court put the burden on petitioner to show harm.[69]

| | |
|---|---|
| GROUND THREE: | Violation of petitioner's right under United States Const. Am. 5,6, and 14.[70] |
| Supporting Facts: | [Prop. Law No. 4 See Ex. B] The petitioner's right to a fair trial and due process was violated when the petitioner was convicted of engaging in a gang when there was no showing that the criminal activity was "primary activity". The petitioner was not afforded a fair trial when the evidence was insufficient to prove petitioner's guilt.[71] |
| Ground Four: | Violation of petitioner's right under United States Const. Am. 5,6, and 14.[72] |
| Supporting Facts: | [Prop. Law No. 5,6 See Ex. B] The rules of criminal procedure in Ohio are implemented to afford the petitioner due process and notice. The Court, without prior notice from the State of Ohio to the defense, allowed a police officer to testify as an expert. The rules also require that if a person is going to testify they need to provide a report of their expert findings. The court allowed the testimony of the police officer as an expert without the proper due process and notice accorded to a criminal defendant under the United States Constitution 5th, 6th, and 14th Amendments.[73] |

---

[69] *Id.*

[70] *Id.* at 8.

[71] *Id*.

[72] *Id.* at 10.

[73] *Id*.

## Analysis

**A.      Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.      There is no dispute that Swain is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[74]

2.      There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[75]

3.      In addition, Swain states,[76] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[77]

4.      Moreover, subject to the fair presentment arguments raised by the State, with the exception of portions of ground one and four, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[78]

---

[74] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[75] 28 U.S.C. § 2254(d)(1);  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[76] ECF # 1 at 12.

[77] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[78] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

5.      Finally, because Swain is represented by counsel, he has not requested the appointment of counsel,[79] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[80]

**B.      Standards of review**

*1.      Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[81] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[82] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[83]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[84] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[85] Specifically, such violations are restricted to offenses

---

[79] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[80] 28 U.S.C. § 2254(e)(2).

[81] 28 U.S.C. § 2254(a).

[82] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[83] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[84] *Estelle*, 502 U.S. at 67-68.

[85] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[86]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[87] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[88] and may not second-guess a state court's interpretation of its own procedural rules.[89] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[90] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[91]

## 2.  *Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[92] Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, the petitioner violated a state procedural rule.[93] The

---

[86] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[87] *Id.*

[88] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[89] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[90] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[91] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[92] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[93] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[94]  This requires a petitioner to go through "one complete round" of the state's appellate review process,[95] presenting his or her claim to "*each* appropriate state court."[96]  A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[97]

When a state asserts a that violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[98]  A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[99]

(1) "[T]here must be a state procedure in place that the petitioner failed to follow."[100]

---

[94] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

[95] *Boerckel*, 526 U.S. at 845.

[96] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[97] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

[98]  *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[99] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[100]  *Id.* (citing *Maupin*, 785 F.2d at 138).

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[101]

(3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[102] that is both 'firmly established and regularly followed.'"[103]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[104]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[105]  In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[106]

---

[101] *Id.*

[102] *Id.* (quoting *Maupin*, 785 F.2d at 138). ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[103] *Id.* (citation omitted).

[104] *Id.* (quoting *Coleman*, 501 U.S. at 750).

[105] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[106] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Additionally, "a credible showing of actual innocense" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[107]

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[108]

### 3.    *AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[109] codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas corpus.[110]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[111]

---

[107] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

[108] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[109] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[110] *See* 28 U.S.C. § 2254 (2012).

[111] 28 U.S.C. § 2254(d) (2012).

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[112] and  "difficult to meet,"[113] thus, preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[114]

a.    *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[115]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[116] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[117] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[118]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[119]  The state court need not even

---

[112] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[113] *Id.* (citation omitted).

[114] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[115] *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[116] *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

[117] *Id.*

[118] *Id.*

[119] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

-23-

be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[120]  Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[121]  When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[122]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[123]  A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[124]  To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[125]  Under the "unreasonable application" clause, the federal habeas court must

---

[120]  *Id.*

[121]  *See id.*

[122]  *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[123]  *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[124]  *Id.*

[125]  *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

b.      *"Unreasonable determination" of the facts*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[126]  Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[127] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[128] While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review" or "by definition preclude relief,"[129] it is indeed a difficult standard to meet.  "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[130]

---

[126]  *Brumfield*, 135 S.Ct. at 2277.

[127]  28 U.S.C. § 2254(e)(1) (2012).

[128]  *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[129]  *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[130]  *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

**C.** **Application of standards**

**1.** ***The portions of ground one that claim improper joinder by the trial court resulted in prejudicing the jury should be dismissed as a non-cognizable state law claim.***

Swain states in his supporting facts for ground one that his second indictment, while awaiting trial for the first indictment, was done to introduce other acts and that this prevented a fair trial, notice, and due process.[131]  The state asserts Swain's real complaint was that the trial court granted the state's motion to consolidate the indictments.[132]  In Swain's objection to the motion, the defense contested the consolidation for "adverse impact" of joinder and contended the indictments should not be joined unless there was a showing of judicial economy.[133]

In Ohio, a trial court's decision to permit or not permit joinder will not be overturned absent a finding that the trial court abused their discretion with an attitude "arbitrary, capricious or unreasonable."[134]  There is no constitutional right to protect against a trial court's abuse of discretion in granting joinder in and of itself.[135]  The misjoinder portion of Swain's ground one presents solely a state law claim, and as such, is not cognizable under the federal habeas statute. Simply alleging a violation of "due process" or "fair trial" does

---

[131] ECF #1 at 5.

[132] ECF #9 at 24.

[133] ECF #9, Attachment (state court record) at 108-109.

[134] *State v. Fanklin*, 62 Ohio St.3d 118, 122, 580 N.E.2d (1991).

[135] *See*, *Franklin v. Anderson*, 2002 U.S. Dist. LEXIS 26814 (citing *Krist v. Folz*, 804 F.2d 944, 947-948 (6th Cir. 1986)).

not transform it into an allowable federal habeas corpus claim.[136]  A federal habeas court may not issue a writ on the basis of a "perceived error of state law."[137]  Accordingly, this portion of ground one should be dismissed.

## 2. *The portions of ground one alleging consolidation of indictments violated a constitutional right to notice should be dismissed as procedurally defaulted.*

A portion of Swain's first ground alleges introduction of "other acts" by way of joinder of two indictments prevented Swain from receiving notice.[138]  Under the doctrine of procedural default, a federal habeas court will not review the merits of a claim not adjudicated on the merits by a state court.[139]  The issue of notice from the indictment is not present in any of Swain's nine assignments of error in the state Court of Appeals.[140]  Moreover, Swain argued in the Supreme Court of Ohio exclusively on joinder, not notice.[141]

---

[136] *See e.g. McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000) (merely attaching the words "denial of due process" does not fairly present a specific constitutional right violation claim).

[137] *Moreland v. Bradshaw*, 699 F.3d 908, 926 (6th Cir. 2012) (citing *Pully v. Harris*, 465 U.S. 37, 41 (1984)).

[138] ECF #1 at 5

[139] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011)

[140] ECF #9, Attachment (state court record) at 375.

[141] *Id*. at 300-302.

A federal court may not grant a writ of habeas corpus unless the applicant has exhausted all available remedies by fairly presenting each claim to the state courts.[142]  This includes a requirement that the applicant present the issue, the factual and legal basis for each claim, to both the state court of appeals and the state supreme court.[143]  This does not mean that the applicant must recite "chapter and verse" of constitutional law.[144]

The applicant must make a specific showing of the alleged claim.  As previously noted, Swain failed to raise the issue of notice from the indictment in his assignments of error to the state Court of Appeals and to the Supreme Court of Ohio.  Therefore, the portion of ground one that raises the issue of notice from indictment has not been previously presented to the Ohio courts.  But there is no way under Ohio law to re-submit new grounds for an appeal that were known at the time of the original appeal.  Rather, such an re-submission would be denied as *res judicata*.[145]

---

[142]  *See, e.g., Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003).

[143]  *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1972)).

[144]  *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006).

[145]  Ohio's *res judicata* rule holds that a defendant may not raise a claim in a post-conviction petition that could have been raised at trial or on direct appeal. This rule is acknowledged to be an adequate and independent state law ground for barring federal habeas review.

Therefore, this portion of ground one should be dismissed as procedurally defaulted.

**3.**      ***The portions of ground one that assert a violation of the right to a speedy trial should be dismissed as procedurally defaulted.***

It was only in his application for reopening his appeal that Swain mentioned the issue of speedy trial in an assignment of error and it was premised on ineffective assistance of appellate counsel.[146]  Here Swain argued that the trial court erred, and violated his right to a speedy trial, when it granted a short continuance to the state.[147]

The issue of speedy trial as a subsidiary assignment of error in an application premised on ineffective assistance of appellate counsel cannot be presented for AEDPA review.[148] A claim of ineffective assistance of counsel based on counsel's failure to raise another claim does not preserve that other claim for federal habeas review because the two claims are analytically distinct.[149]

Because the issue of speedy trial was only a subsidiary assignment of error, it was never fairly presented to the state courts and is, therefore, procedurally defaulted.[150]

---

[146]  ECF #9, Attachment (state court record) 767-768

[147] *Id.*

[148] *See, Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2009).

[149] *Id.*

[150]  *See, West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

Furthermore, the state court in its denial of Swain's claim for ineffective assistance of appellate counsel stated Swain never properly raised his speedy trial right and moreover, failed to show prejudice.[151]

**3.     *Ground two- alleging a violation of the right to a public trial because voir dire was shown through video feed- should be denied after AEDPA review because the Ohio appellate court's decision in this regard was not an unreasonable application of the clearly established federal law of* Waller v. Georgia.[152]**

Here the Ohio appeals court found no violation of the constitutional right to public trial because, although the courtroom was too small to accommodate everyone, video conferencing allowed the public to view the voir dire process. As the Ohio court stated:

> {¶ 33} The United States Supreme Court has held that "the Sixth Amendment right to a public trial extends to the *voir dire* of prospective jurors." *Pressley v. Georgia,* 558 U.S. 209, 213, 130 S.Ct. 721, 175 L.Ed.2d 675 (2010). However, the general rule is subject to certain exceptions. *Id.* The test as to whether the closure of a courtroom deprives the accused of his constitutional rights is that: [T]he party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure. *Waller v. Georgia,* 467 U.S. 39, 48, 104 S.Ct. 2210, 81L.Ed.2d31 (1984).
>
> {¶34} In this case, the record does not say, and appellant does not offer any evidence to show, how long it took to set up the video feed. The record contains the trial court's statement that the biggest available courtroom was too small to accommodate the prospective jurors as well as all of appellant's family and

---

[151] ECF #9, Attachment (state court record) at 791.

[152] *Waller*, 467 U.S. 39 (1984).

members of the general public who wanted to observe the proceedings. Accordingly, the trial court said it was having video conferencing equipment set up in an adjacent courtroom so members of the public would not be kept from viewing the voir dire proceedings. The record also shows that, once a jury was chosen, members of the public were allowed into the courtroom to personally observe the rest of the trial.

{¶ 35}On consideration, this court finds that the trial court properly considered the limitations of the existing available facilities, and made appropriate accommodations so that the public could observe voir dire proceedings. Accordingly, appellant was not deprived of his constitutional rights under either the United States Constitution or the Ohio Constitution, and his first assignment of error is not well-taken.[153]

Indeed, after jury selection and the dismissal of prospective jurors there was more room in the courtroom for the public, and the court allowed spectators then to attend directly.

On this record, the decision of the Ohio appeals court was not an unreasonable application of the general rule established in *Waller v. Georgia,*[154] and so this ground for relief should be denied on the merits after AEDPA review.

4. ***The portion of ground three claiming a due process violation because the state failed to show criminal activity as "primary activity" is a statutory interpretation claim and should be dismissed as a non-cognizable state claim.***

A portion of Swain's third ground argues due process was violated when he was convicted of engaging in a gang without a showing that the criminal activity presented was

---

[153] ECF #9, Attachment (state court record) at 634-635.

[154] ECF #9 at 33.

"primary activity."[155]  On direct appeal, Swain argued in his brief for a different interpretation of "pattern of criminal gang activity" under Ohio Revised Code 2923.41(A)(1).[156]  In their decision, the Ohio state court of appeals held against Swain's argument and interpreted the statutory phrase "primary activities" differently and to include the evidence supporting Swain's conviction of gang participation.[157]

A federal court sitting for the purpose of habeas corpus is bound by a state court's construction of its state statutes.[158]  To the extent Swain is trying to argue the court of appeals got the interpretation of the criminal statute at issue wrong, that is a state claim and should be dismissed as non-cognizable in a federal habeas proceeding.

**5.**      ***The portion of ground three that claims insufficient evidence prevented a fair trial should be denied after AEDPA review, because the state court of appeals decision was not an unreasonable application of* Jackson v. Virginia.*[159]**

The relevant question in a sufficiency of the evidence claim is "whether, after viewing the evidence in a light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[160] Under this standard,

---

[155] ECF #1 at 8.

[156] ECF #9 Attachment (state court record) at 404-410.

[157] *Id.* at 645.

[158]  *See, Volpe v. Trim*, 708 F.3d 688, 697 (6th Cir. 2013).

[159] 443 U.S. 307 (1979).

[160] *Id.* at 319 (emphasis original).

when faced with a record that supports conflicting inferences from the facts, the federal habeas court must presume that the trier of fact resolved all such conflicts in favor of the prosecution and must defer to that resolution- even if it does not affirmatively appear in the record.[161]

The *Jackson* standard requires deference be given to the trier of fact's conclusions and AEDPA review requires deference be given to the reviewing state court's decision in its consideration of the petitioner's claim in this regard. The state court of appeals applied the clearly established federal law of *Jackson* to Swain's sufficiency of the evidence claim, citing the Ohio analogue of *Jackson*, *State v. Jenks*.[162] The court thereupon identified the criminal statute at issue in Swain's case and then discussed the evidence presented by the prosecution in connection with the elements of the offense.[163] The state court concluded:

> {¶66} On consideration, we find that sufficient evidence was presented at trial to support the jury's conclusion that appellant was in possession of the marijuana and crack cocaine as charged in the indictment.  On further consideration, we determine that the trier of fact did not lose its way and create such a manifest miscarriage of justice that the conviction must ne overturned and a new trial ordered.  Accordingly, appellant's convictions were supported by sufficient evidence and were not against the manifest weight of the evidence. Appellant's fourth assignment of error is not well taken.[164]

---

[161] *Id*. at 326.

[162] 61 Ohio St.3d 59 (Ohio 1991).

[163] ECF #9 Attachment (state court record) at 642-651.

[164] *Id.* at 651.

Although Swain argued to the Ohio appeals court and argues here that the State failed to show evidence supporting the criteria enumerated in Ohio Rev. Code §2923.41 (A)(1)-(3),[165] it is well-settled that this Court may not independently re-weigh the evidence presented at trial. And it cannot be said that the state court of appeals sufficiency of the evidence analysis was contrary to the established federal law of *Jackson*. Therefore, after AEDPA review, this portion of ground three should be denied.

**6.      *To the extent ground four alleges evidence was improperly admitted violating Ohio procedural rules, the claim should be dismissed as a non-cognizable state claim.***

Swain complains of a police officer allowed to testify as an expert without notice to the defense and without a report of expert findings in violation of Ohio Crim.R.16(K).[166] The state court of appeals, however, characterized the officer's testimony as lay opinion testimony and not expert testimony, under state law.[167]

> In *State v. Retana*,[168] the court stated that under Crim.R. 16(L): "If a party fails to comply with Crim.R. 16's discovery requirements, a trial court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing into evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."[169]

---

[165] *Id.* at 403.

[166] ECF #1 at 10.

[167] ECF #9, Attachment (state court record) at 662-663.

[168] *State v. Retana*, No. CA2011-12-225, 2012 WL 5994973 (Ohio Ct.App. Dec. 3, 2012).

[169] *Id.* at 21-22, citing *Lakewood v. Papadelis*, 511 N.E.2d 1138 (1987).

The admissibility of evidence is a matter of state law and not cognizable in a federal habeas proceeding.[170]  Here, the claim that the police officer was allegedly allowed to testify as an expert witness in violation of Ohio evidentiary rules raises an issue of state law and asks this Court to consider whether the trial court abused its discretion in permitting the testimony.  A federal habeas court may not issue a writ on the basis of a "perceived error of state law."[171]  Accordingly, ground four should be dismissed.

## Conclusion

For the foregoing reasons, I recommend that the petition of Denarea L. Swain for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed in part and denied in part as is more fully set forth above.

Dated: July 29, 2016                          s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.

---

[170] *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).

[171] *Moreland v. Bradshaw*, 699 F.3d 908, 926 (6th Cir. 2012) (citing *Pully v. Harris*, 465 U.S. 37, 41 (1984)).

-35-