```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
DENAREA L. SWAIN,                           :    CASE NO. 3:15 CV 942
                                            :
        Petitioner,                         :
                                            :
vs.                                         :    OPINION AND ORDER
                                            :    [Resolving Docs. 10, 11]
CHRISTOPHER LAROSE, Warden,                 :
                                            :
        Respondent.                         :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Denarea Swain petitions for habeas corpus relief under 28 U.S.C. § 2254 from his 22-year sentence. He alleges four grounds for relief.[1] Magistrate Judge William H. Baughman, Jr. filed a Report and Recommendation ("R&R") in this case.[2] He recommends that the petition be dismissed in part and denied in part.[3] Petitioner objects to the R&R on grounds three and four.[4] For the following reasons, the Court **OVERRULES** Petitioner's objections to the R&R, **ADOPTS** the R&R, and **DISMISSES** in part and **DENIES** in part Petitioner's § 2254 petition.

## I. Background

### a. Facts, Trial, and Sentence

Petitioner Swain argues that Ohio unconstitutionally used a police officer witness to give opinion evidence and this evidence violated Swain's due process rights.

---
[1] Doc. 1. Respondent filed a return of writ. Doc. 9.
[2] Doc. 10.
[3] *Id.* at 3.
[4] Doc. 11 at 1.

-1-

Case No. 3:15 CV 942
Gwin, J.

In 2006, Petitioner Swain was charged and convicted of carrying a concealed weapon.[5] That same year, he was convicted of two counts of intimidation for threatening officers and carrying a concealed weapon.[6]

In 2010, police stopped Petitioner in connection with a nearby shooting and he tested positive for gunshot residue.[7] Later that year, a witness identified Petitioner as a shooter in another shooting.[8] Officers obtained a search warrant for Petitioner's residence, a home owned by his mother.[9] While executing the search, Detective Eric Graybill suspected that the residence contained drugs and halted the search to obtain another warrant.[10] The search produced a gun and a black and white bandana associated with the gang known as the "Black Point Mafia" ("BPM").[11]

On August 9, 2010, the Erie County Grand Jury indicted Petitioner Swain on one count of attempted murder, one count of felonious assault with a firearm specification, two counts of having a weapon while under disability, one count of improperly discharging a firearm into a habitation or school zone, one count of preparation of cocaine for sale, and one count of possession of crack cocaine.[12] Petitioner pled not guilty to all seven counts.[13]

The police then began tracking Petitioner to arrest him.[14] They located him at a friend's home in October 2010. Law enforcement obtained a search warrant for the premises, leading to discovery of marijuana and drug paraphernalia.[15]

---

[5] Doc. 9-3 at 621.
[6] *Id*. at 621-622.
[7] *Id*. at 622.
[8] *Id*.
[9] *Id*.
[10] *Id*.
[11] *Id*. at 623.
[12] *Id*.
[13] *Id*. at 624.
[14] *Id*.
[15] *Id*.

-2-

Case No. 3:15 CV 942
Gwin, J.

In early 2011, Petitioner moved to suppress the results of the search of his mother's home.[16] After an evidentiary hearing and Detective Graybill's testimony, the trial court denied Petitioner Swain's motion.[17]

On May 11, 2011, the Erie County Grand Jury indicted Petitioner on a second indictment for one count of engaging in pattern of corrupt activity with predicate incidents, one count of participating in a criminal gang, one count of receiving stolen property, and one count of preparation of marijuana for sale.[18] Petitioner again pled not guilty to all counts.[19] The trial court granted the state's subsequent motion to consolidate the cases for trial.[20]

Petitioner Swain then filed a second motion to suppress evidence seized from his friend's house.[21] The trial court declined to hear any issues as to the first motion to suppress based on res judicata.[22] Detective Graybill again testified and the court again denied Petitioner's motion to suppress.[23]

A jury trial began in November 2011.[24] The court broadcasted a video feed of voir dire to a separate room for public observation.[25] Petitioner later moved for a mistrial, arguing that the two separate cases should not have been consolidated.[26] Petitioner's counsel also requested that certain evidence be excluded because she had no opportunity to review it.[27] The trial court denied both motions.[28]

---

[16] Doc. 9-3 at 624.
[17] *Id.*
[18] *Id.* at 625.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.* at 626.
[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*

-3-

Case No. 3:15 CV 942
Gwin, J.

At trial, officers and witnesses testified as to Petitioner's 2006 and 2010 criminal activity.[29] Detective Graybill also testified that he had special "gang training" and could thus identify regional gangs in Ohio.[30] The trial court overruled Petitioner's objections to Detective Graybill's qualifications as a gang expert. Graybill continued testifying about Petitioner's connections to BPM and his 2006 and 2010 convictions as indicia of gang activity.[31]

Petitioner presented no witnesses and again moved for mistrial, which the trial court denied.[32] As to the first indictment, the jury found Petitioner guilty of two counts of having a weapon while under disability, preparation of crack cocaine for sale in the vicinity of a juvenile, and possession of crack cocaine.[33] As to the second indictment, the jury found him guilty of engaging in a pattern of corrupt activities, participating in a criminal gang with a firearm specification, and preparation of marijuana for sale.[34]

On November 21, 2011, the court sentenced Petitioner Swain to 13 years in prison and a $10,000 fine for his convictions in the first case, and 12 years in prison for his convictions in the second case, to be served consecutively.[35]

### b. Appeal

Petitioner Swain timely appealed to the Ohio Court of Appeals[36] asserting nine assignments of error.[37] On December 30, 2013 the court overruled all nine assignments of error and affirmed the trial court's judgment.[38]

---

[29] Doc. 9-3 at 626-630.
[30] *Id.* at 630.
[31] Doc. 9-3 at 631-632.
[32] *Id.* at 633.
[33] *Id.* at 633.
[34] *Id.*
[35] *Id.* at 633-634.
[36] Doc. 10 at 9 n.44.
[37] Doc. 9-3 at 376-378.
[38] *Id.* at 618.

Case No. 3:15 CV 942
Gwin, J.

Petitioner Swain then timely appealed to the Supreme Court of Ohio.[39] The State filed a memorandum opposing jurisdiction.[40] On September 3, 2014, the Supreme Court of Ohio declined to accept jurisdiction.[41]

### c. Application to Reopen Appeal

On March 31, 2014, Petitioner Swain timely filed an application to reopen his appeal under Ohio Appellate Rule 26(B) for ineffective assistance of counsel.[42] The State opposed the application.[43] On May 8, 2014, the Ohio Court of Appeals denied Petitioner's application.[44]

Petitioner Swain then timely appealed to the Ohio Supreme Court.[45] The State filed a memorandum opposing jurisdiction.[46] On September 3, 2014, the Ohio Supreme Court declined to accept jurisdiction.[47]

### d. Federal Habeas Corpus

On May 13, 2015, Petitioner Swain timely filed the federal petition for habeas relief at issue here.[48] Petitioner raises four grounds for relief: 1) the consolidation of two separate cases violated Petitioner's rights to a fair trial, notice, due process, and a speedy trial; 2) excluding the public from the courtroom during voir dire violated his right to public jury trial; 3) convicting him of gang activity without a showing that the criminal activity was "primary activity" and without sufficient evidence violated his fair trial and due process rights; and 4) admission of a police officer's testimony as an expert violated due process and prior notice.[49]

---

[39] Doc. 10 at 11 n.49; Doc. 9-3 at 670, 674.
[40] Doc. 9-3 at 737.
[41] *Id*. at 758.
[42] Doc. 10 at 13 n.54; Doc. 9-3 at 759, 763.
[43] Doc. 9-3 at 772.
[44] *Id*. at 782.
[45] Doc. 10 at 14 n.59; Doc. 9-3 at 795, 796.
[46] Doc. 9-3 at 823.
[47] *Id*. at 843.
[48] Doc. 1.
[49] *Id*. at 5-10.

-5-

Case No. 3:15 CV 942
Gwin, J.

On July 29, 2016, Magistrate Judge Baughman issued the R&R recommending that the petition be dismissed in part and denied in part.[50] The R&R finds that 1) ground one should be dismissed in part as a non-cognizable state law claim and denied in part as procedurally defaulted; 2) ground two should be dismissed on the merits; 3) ground three should be dismissed in part as a non-cognizable state law claim and denied in part on the merits; and 4) ground four should be dismissed as a non-cognizable state law claim.[51] Petitioner objects to the R&R's findings on grounds three and four only.[52] Petitioner's Section 2254 petition is now ripe for rule.

**II. Legal Standard**

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the R&R to which the parties have properly objected.[53] A district court may adopt without review parts of the R&R to which no party has objected.[54]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[55] controls habeas review of state court proceedings. AEDPA generally requires that a petitioner exhaust all of his available state court remedies before seeking habeas relief.[56] A district court will not consider a habeas petitioner's "contentions of federal law . . . not resolved on the merits in the state proceeding due to [a petitioner's] failure to raise them there as required by state procedure."[57]

---

[50] Doc. 10.
[51] *Id*. at 26-35.
[52] Doc. 11 at 1.
[53] 28 U.S.C. § 636(b)(1).
[54] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[55] 28 U.S.C. § 2254.
[56] 28 U.S.C. § 2254(b)(1)(A).
[57] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Lundgren v. Mitchell*, 440 F.3d 754, 763–64 (6th Cir. 2006).

Case No. 3:15 CV 942
Gwin, J.

Nor will a district court consider alleged violations of state law.[58] However, habeas relief may be available if an alleged error of state law subjected the petitioner to a "fundamentally unfair" criminal process.[59] Only when a state ruling "offend[s] some principle of justice so rooted in the traditions and conscience of our people" does it constitute fundamental unfairness.[60] The habeas petitioner bears the burden of showing that "the principle of procedure violated by the rule (and allegedly required by due process)" is fundamental.[61]

### III. Discussion

*Grounds One and Two*

Petitioner does not object to the R&R on grounds one and two. Having conducted its own review of the filings, facts, and findings in the case, the Court agrees with the conclusions of Magistrate Judge Baughman as to these two grounds.

*Grounds Three and Four*

Petitioner filed a consolidated objection to Magistrate Judge Baughman's findings on grounds three and four, arguing that the issues are intertwined.[62] Essentially, Petitioner argues that the state's evidentiary rulings—allowing the prosecution to use an allegedly unqualified expert and admitting the testimony that resulted—constitute a violation of "fundamental fairness."[63]

---

[58] *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S. § 2254(a)).
[59] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).
[60] *Bey v. Bagley*, 500 F.3d 514, 521 (6th Cir. 2007) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1977)).
[61] *Bey*, 500 F.3d at 521.
[62] Doc. 11 at 1.
[63] *See* Doc. 11 at 1. This Court understands Petitioner to concede that his expert and evidentiary-based arguments are state-law issues, which a federal district court does not generally consider. But, Petitioner argues that the state-law errors are so egregious that they violate notions of fundamental fairness, which requires further analysis by this Court.

-7-

Case No. 3:15 CV 942
Gwin, J.

State evidentiary rulings violate due process "only where it 'is so egregious that it results in a denial of fundamental fairness.'"[64] "Whether admitting 'prejudicial evidence constitutes a denial of fundamental fairness turns upon whether the evidence is material in the sense of a crucial, critical[,] highly significant factor.'"[65] Even if a constitutional error occurred, federal habeas relief is only appropriate if the error "had a substantial and injurious effect or influence in determining the jury's verdict."[66]

Here, the state appellate court reasonably found Detective Graybill's testimony admissible under state law. The trial court found that Graybill testified as a lay opinion witness under Ohio Evid. R. 701 as opposed to an expert witness.[67] The state appellate court affirmed, finding that "[a]lthough [Graybill] had some training in how to identify and respond to gang activity, [his] testimony was confined to his own experiences and training, which were based on his own perceptions and were offered to assist the jury in understanding why [Petitioner] was charged with participating in a gang . . . ."[68] Graybill's testimony not only gave background information on typical gang activity, but also established pertinent facts in the case.[69]

Petitioner's argument that Graybill's testimony violates *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and its progeny fails.[70] Petitioner argues that any testimony given to "assist the jury" necessitates expert qualifications.[71] But in reality, both lay *and* expert testimony

---

[64] *Hudson v. Lafler*, 421 F. App'x 619, 627–28 (6th Cir. 2011) (citing *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.2003)).
[65] *Hudson*, 421 F. App'x at 627– 28 (citing *Brown v. O'Dea*, 227 F.3d 642, 645 (6th Cir. 2000) (internal quotation marks omitted)).
[66] *Calderon v. Coleman*, 525 U.S. 141, 145 (1998) (quoting *Brecht v. Abrahamson*, 507 U.S.619, 637 (1993)).
[67] Doc. 9-3 at 662.
[68] Doc. 9-3 at 623.
[69] *Id.* at 630. For example, Detective Graybill testified about the search at Petitioner's mother's home which produced relevant evidence, including a gun and gang bandanas.
[70] *See* Doc. 11.
[71] Doc. 11.

is given to assist the jury.[72] Regardless, Petitioner's burden is to prove that the state appellate court's characterization of Graybill as a lay opinion witness was so egregious that it violated due process, not that Detective Graybill could have been considered an expert under federal law. Petitioner has failed to carry his burden in demonstrating that the state court's decision "contradicts Supreme Court precedent and violates a fundamental right."[73]

Furthermore, given the other evidence presented against Petitioner at trial, "any error in allowing [Graybill's] testimony did not have a substantial and injurious effect or influence on the jury given the overall weight of the evidence presented at trial."[74] Multiple other witnesses testified at Petitioner Swain's trial about evidence related to the gang charge.[75] For example, another officer testified that Petitioner had a "BPM" tattoo and that BPM was classified as a "security threat group."[76]

Petitioner Swain's objection "invites the Court to transform the Due Process Clause into a code of evidence."[77] This Court declines to expand the "very narrow[]" category of fundamental fairness violations.[78]

### IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections to the R&R. The Court **ADOPTS** in whole Magistrate Judge Baughman's R&R and incorporates it fully

---

[72] Under Ohio Evid. R. 701, lay opinion evidence is admissible when "helpful [in leading] to a clear understanding of the witness' testimony or the determination of a fact in issue." Detective Graybill's testimony regarding gang activity helped both to give credence to his testimony and informed the jury of why Petitioner was charged with a gang offense.
[73] *Bey*, 500 F.3d at 521. *See also Graham v.Warden, Chilliocothe Corr. Inst.*, No. 1:10-CV-616, 2011 WL 3941615, at *15 (S.D. Ohio July 22, 2011) (finding no violation of "fundamental fairness" where petitioner argued that a DEA agent's testimony was improperly characterized as lay opinion testimony as opposed to expert testimony).
[74]*Graham*, 2011 WL 3941615 at *14.
[75] *See generally* Doc. 9-3 at 626-633.
[76] Doc. 9-3 at 632.
[77] *Bowling v. Haeberlin*, No. CIV. 03-28-ART, 2012 WL 4498647, at *44 (E.D. Ky. Sept. 28, 2012).
[78] *Dowling v. United States*, 493 U.S. 342, 352 (1990).

Case No. 3:15 CV 942
Gwin, J.

herein by reference. The Court **DISMISSES** in part and **DENIES** in part Petitioner's § 2254 petition. Moreover, the Court certifies that no basis exists upon which to issue a certificate of appealability.[79]

    IT IS SO ORDERED.

Dated: August 26, 2016      *s/     James S. Gwin*
    JAMES S. GWIN
    UNITED STATES DISTRICT JUDGE

---

[79] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).